**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

January 27, 2020

LETTER TO COUNSEL

      RE:    *Donnell Jones v. CCBCC, Inc.*,
              Civil No. SAG-19-467

Dear Counsel:

      Donnell Jones ("Plaintiff") sued his former employer, CCBCC, Inc. ("Defendant"), alleging disability discrimination, failure to accommodate, and wrongful termination in violation of Maryland state law. ECF 1-3. The parties filed cross-motions for summary judgment, ECF 26, ECF 42. This Court denied Plaintiff's Motion, and granted Defendant's Motion, in a Memorandum Opinion and Order dated December 18, 2019. ECF 48, ECF 49. Plaintiff has filed a Motion to alter/amend the judgment and/or for reconsideration (the "Reconsideration Motion"), ECF 50, and Defendant filed a response, ECF 51. The deadline for Plaintiff to file a reply has passed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Plaintiff's Motion is DENIED.

      In its December 18, 2019 decision, this Court found that Plaintiff cannot prevail on his claims for two independently dispositive reasons. *See generally* ECF 48. First, as a matter of law, Plaintiff did not have a disability within the meaning of Maryland's Fair Employment Practices Act ("FEPA"). *Id.* at 7–11. Second, Plaintiff did not establish that he could perform the essential duties of his position, with or without a reasonable accommodation. *Id.* at 11–15. Plaintiff's Reconsideration Motion provides no reason to reach a different conclusion.

      Plaintiff brings this Reconsideration Motion pursuant to Rules 59, 52, and 60 of the Federal Rules of Civil Procedure. ECF 50 at 1. Rule 59(e) allows for alteration or amendment to a court's ruling in three situations: (1) to accommodate an intervening change of law; (2) to account for new evidence, or (3) to correct a clear error of law or prevent manifest injustice. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Since Plaintiff cites neither an intervening change of law, nor any new evidence, it appears that his Motion is based on the third possibility.

      Even so, Plaintiff has not articulated a clear error of law, or identified any circumstances that constitute manifest injustice. Rather, Plaintiff cited several cases referenced in this Court's opinion, in an attempt to distinguish them from his situation. However, the immaterial distinctions identified by Plaintiff do not meet the high threshold of "clear error of law" or "manifest injustice." For example, Plaintiff distinguishes *Perry Kappos*, 489 F. App'x 637 (4th Cir. 2012), on the basis that the plaintiff in that case had a salary dispute with his employer, and was fired for his lackluster performance. ECF 50-2 at 5–6. These facts do not in any way undermine the Fourth Circuit's analysis regarding the plaintiff's disability, which this Court applied in its Memorandum Opinion.

489 F. App'x at 642 (finding that the plaintiff was not substantially limited in his ability to see because he could drive, and could perform the essential functions of his job as a patent examiner).

Plaintiff also disagrees with this Court's second conclusion, *i.e.*, that he has not established an ability to perform the essential functions of his job with or without reasonable accommodation. While he, again, attempts to distinguish relevant cases based on their facts, Plaintiff has not undermined this Court's central conclusions. *See, e.g.*, ECF 50-2 at 10–11 (indicating that in *Campbell v. Federal Express Corp.*, 918 F. Supp. 912 (D. Md. 1996), the defendant "enforced the USDOT regulations"). Namely, Defendant was legally required to abide by the U.S. Department of Transportation's Motor Carrier Safety Regulations, and Plaintiff was unable to obtain the requisite Federal Vision Waiver. Accordingly, Plaintiff was not qualified to serve as an interstate CDL driver, as a matter of law.

Notably, while Plaintiff originally sought summary judgment in his favor, he now argues merely that questions of fact exist, such that the case should proceed to trial. ECF 50-2 at 9. However, the question of whether an individual meets the definition of "disabled" under a disability protection statute is generally a question of law for the court. *See, e.g.*, *Feldman v. Law Enforcement Assocs. Corp.*, 779 F. Supp. 2d 472 (E.D.N.C. Mar. 10, 2011) ("The question of whether a plaintiff is disabled under the ADA, and therefore can bring a claim under the statute, is a question of law for the court, not a question of fact for the jury."); *Hooven-Lewis v. Caldera*, 249 F.3d 259, 268 (4th Cir. 2001) ("[T]he preliminary question of whether [plaintiff] is covered by the statute is one for the Court."). As stated in this Court's decision, because Maryland courts have issued few rulings analyzing FEPA, courts typically consider cases interpreting the ADA for guidance. *See Peninsula Regional Medical Ctr. v. Adkins*, 448 Md. 197, 213 (2016) ("[W]e can look to federal decisions interpreting ADA provisions for guidance in construing similar clauses in FEPA.").

Finally, Plaintiff's Reconsideration Motion also fails under the analysis of Rules 52 and 60. Rule 52 is plainly inapplicable because no trial was held in this case. *See O'Hara v. Comptroller of Maryland*, 2016 WL 2760337, at *1 (D. Md. May 12, 2016). With respect to Rule 60, Plaintiff did not specify whether he seeks relief under Rule 60(a) or 60(b). Nonetheless, Plaintiff identified no clerical mistake, oversight, or omission in this Court's decision. *See* Fed. R. Civ. Proc. 60(a). And regarding Rule 60(b), Plaintiff has not identified any basis to relieve him from the final judgment:

>   (1) Mistake, inadvertence, surprise, or excusable neglect;
>   (2) Newly discovered evidence…
>   (3) Fraud;
>   (4) The judgment is void;
>   (5) The judgment has been satisfied, released, or discharged;
>   (6) Any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b).

Since a particular subsection is not set forth in Plaintiff's Motion, the Court presumes that Plaintiff seeks relief under the catch-all provision in Rule 60(b)(6). To obtain relief based on 60(b)(6), a movant must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Plaintiff has not made the requisite showing. Instead, Plaintiff has "rehashed the argument" from the summary judgment briefing, and has done "nothing more than ask the court to change its mind." *See Hogan v. Beaumont*, F. App'x 164, 168 (4th Cir. 2019). Such a request is "outside of the purview of Rule 60(b)(6)." *Id.*

For the reasons set forth above, Plaintiff's Reconsideration Motion, ECF 50, is DENIED. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                            Sincerely yours,

                            /s/

                            Stephanie A. Gallagher
                            United States District Judge